**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ANGELA DUSKO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>DELTA AIR LINES, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br>1:20-CV-01664-ELR |

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff Angela Dusko and Defendant Delta Air Lines, Inc. have entered into a proposed Settlement Agreement and associated Releases (the "Agreement") as of May 11, 2023, for the purpose of settling this action.[1] The Agreement and its exhibits, together with the Declaration of Class Counsel in Support of Preliminary Approval ("Class Counsel Declaration"), sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action following final approval by the Court. Additionally, Class Counsel has filed Plaintiff's "Unopposed Motion for Preliminary Approval of Class Action Settlement" (the "Motion"). [Doc. 99].

Having reviewed the Agreement and its exhibits, the Barnes Declaration, Motion, the pleadings, and other papers on file in this action, and being otherwise

---

[1] Terms and phrases used in this order not otherwise defined herein shall have the same meanings ascribed to them in the Agreement.

1

fully advised in the premises, the Court hereby **GRANTS** the Motion. [Doc. 99]. Thus, the Court **ORDERS** as follows:

1. For purposes of preliminary approval, this Court assesses the Agreement under FED. R. CIV. P. 23(e). Under Rule 23(e)(1)(B), the Court "must direct notice in a reasonable manner" to proposed Settlement Class members "if giving notice is justified by the parties' showing that the court will likely be able to approve the proposal [as fair, reasonable, and adequate] under Rule 23(e)(2); and certify the class for purposes of judgment on the proposal." FED. R. CIV. P. 23(e)(1)(B).

## Likely Approval as Fair, Reasonable, and Adequate

2. The December 2018 amendments to Rule 23 specify a uniform standard for settlement approval. See FED. R. CIV. P. 23(e), advisory committee notes on 2018 amendment. The amended Rule 23(e) states that, at the preliminary approval stage, the court must determine whether it "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." FED. R. CIV. P. 23(e)(1)(B). Rule 23(e)(2), in turn, specifies the following factors the court should consider at the final approval stage in determining whether a settlement is "fair, reasonable, and adequate":

    A.    the class representatives and class counsel have adequately represented the class;

    B.    the proposal was negotiated at arm's length;

  C. the relief provided for the class is adequate, taking into account:

    i. the costs, risks, and delay of trial and appeal;

    ii. the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    iii. the terms of any proposed award of attorney's fees, including timing of payment; and

    iv. any agreement required to be identified under Rule 23(e)(3); and

  D. the proposal treats class members equitably relative to each other.

FED. R. CIV. P. 23(e)(2).  The stated goal of this amendment is to "focus the court . . . on the core concerns of procedure and substance that should guide the decision whether to approve the proposal."  FED. R. CIV. P. 23(e), advisory committee notes on 2018 amendment.

  3. The ultimate decision of whether to approve a proposed class action settlement is "committed to the sound discretion of the district court."  In re U.S. Oil & Gas Litig., 967 F.2d 489, 493 (11th Cir. 1992).  However, in exercising this discretion, courts are mindful of the "strong judicial policy favoring settlement," as well as "the realization that compromise is the essence of settlement."  Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984).  As discussed below, Rule 23(e)(2)'s requirements are satisfied here.

3

4. The Class Representative is adequately representing the proposed Settlement Class. She has the same interest as other Settlement Class members. Plaintiff asserted a breach of contract claim in the Second Amended Complaint arising from Delta's denial of requested refunds that resulted in the same injuries to Plaintiff and the Settlement Class members. Moreover, she has pursued this Action vigorously by actively seeking out counsel, approving her pleadings, and monitoring the lawsuit in an effort to obtain the maximum recovery for the Settlement Class Members. Class Counsel are also adequately representing the proposed Settlement Class.

5. There is no question that the Parties are at arm's length. The Settlement Agreement appears to be the result of extensive, non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through mediation-related discovery and whose negotiations were supervised by respected class-action mediator, Hunter R. Hughes, III.

6. The Agreement provides adequate relief to the proposed Settlement Class. As part of the Settlement, every Settlement Class Member who wants a cash refund for any Unused Credit or Partial Unused Credit can receive one in the form of Ticket Cash, plus 7% of the original ticket amount in Interest Cash. Alternatively, the Settlement Class Member may select a Ticket Credit equal to the Unused Credit or

Partial Unused Credit, plus 7% of the original ticket amount in Interest Credit. Moreover, if the Settlement Agreement had not been reached, the Parties planned to vigorously litigate this matter, resulting in a notably longer wait before the putative class would receive any potential recovery, if at all.  Even if Settlement Class Members ultimately prevailed at trial, recovery could be delayed for years by an appeal.  Thus, the Court finds that the Settlement represents an excellent recovery for the Settlement Class, and the benefits of the Settlement outweigh the risks and uncertainties of continued litigation, including, the costs, risks, and delay associated with completing a trial and any appellate review.

7. There is no reason to doubt the effectiveness of distributing relief under the Agreement.  As further addressed below, the Parties propose a Notice Program, which is detailed in the Declaration of Cameron R. Azari, Esq. on Notice Program and Notice, filed as an exhibit to Plaintiff's Motion, which the Court finds provides "the best notice that is practicable under the circumstances."  See FED. R. CIV. P. 23(c)(2)(B).

8. The Court will fully assess the request of Class Counsel for the attorneys' fees and costs and Service Award after receiving their motion supporting such request.  At this stage, the Court finds that the plan to request attorneys' fees and costs to be paid separately by Delta, which will not reduce or have any impact

whatsoever on Settlement Class Members' Settlement Benefits, creates no reason not to direct Notice to the proposed Settlement Class.

9. No agreements exist between the Parties other than the Agreement. The Agreement treats all Settlement Class Members equally because each of them is eligible to receive the same benefits as other Settlement Class Members. No Settlement Class members are favored over another and, therefore, the treatment is equitable.

10. Having thoroughly reviewed the Motion, the Agreement and its exhibits, and the Class Counsel's Declaration, this Court finds that the Settlement is fair, reasonable, and adequate to warrant Notice to the Settlement Class, and thus likely to be approved. Thus, the Court preliminarily approves the Settlement and the terms set forth in the Agreement, subject to further consideration at the Final Approval Hearing after Settlement Class members have had an opportunity to consider the Agreement and to object to the Settlement.

## Likely Certification of Settlement Class

11. The Court assesses the likelihood that it will be able to certify the proposed Settlement Class under Rules 23(a) and 23(b)(3). See Fed. R. Civ. P. 23(a)–(b). The Court makes this assessment for the purposes of settlement only at this time.

12. The proposed Settlement Class is sufficiently numerous under Rule 23(a)(1) because it has thousands of members and joinder of all such persons is impracticable.

13. Resolution of the Action would depend on the common answers to certain common questions, centering on whether ticketholders holding non-refundable tickets on flights scheduled to depart between March 1, 2020, and April 30, 2021, that were canceled by Delta, for which ticketholders requested a refund and were incorrectly told only credits for future travel would be provided. Furthermore, all Settlement Class members were subject to the same contract terms that form the basis of their breach of contract claim. Thus, the commonality requirement is readily satisfied here.

14. Plaintiff's claims, as alleged in her Second Amended Complaint, share the essential characteristics of the Settlement Class members' claims because she asserts that she requested a refund but Delta breached its contract with her by, following her request for a refund, offering her credit for future travel instead of providing her with a refund for the non-refundable ticket she purchased for a flight that Delta canceled. Thus, typicality is satisfied here.

15. The Class Representative and Class Counsel will fairly and adequately protect the interests of the proposed Settlement Class.

16.     At least for purposes of settlement, the common issues in the Action predominate over individual issues under Rule 23(b)(3).  Liability questions common to all Settlement Class members substantially outweigh any possible issues that are individual to some Settlement Class Member.  Further, the Settlement Class members have been identified from Delta's records, such that the Settlement Class is ascertainable for settlement purposes.  To administer the Settlement's relief, all that is required is (1) retrieving the amount of credit outstanding for the Ticket Cash or Ticket Credit, and (2) multiplying the amount of the original ticket by 7% to calculate the Interest Cash or Interest Credit.  Rule 23(b)(3)'s superiority element is also satisfied because resolution of thousands of claims in one action is far superior to individual lawsuits, as it promotes consistency and efficiency of adjudication.

17.     For these reasons, pursuant to Rule 23, and for settlement purposes only, the Court finds, subject to further consideration at the Final Approval Hearing, it will likely certify the Settlement Class and preliminarily approves the Settlement and conditionally certifies for the following Settlement Class:

> All ticketholders who are citizens of the United States who received a credit for a non-refundable ticket purchased with dollars on a flight scheduled to depart between March 1, 2020, through April 30, 2021, (a) that Delta cancelled; (b) who requested a refund for the ticket as reflected in Delta's Customer Care or Refund Databases; (c) did not receive a refund; and (d) who had an Unused Credit or Partial Unused Credit as of January 13, 2023.

Excluded from the Settlement Class are Delta and its respective subsidiaries and affiliates, members, employees, officers, directors, agents, and representatives and their family members; Class Counsel; the Judges who have presided over the Action and their immediate family members; local, municipal, state, and federal governmental agencies; and all persons who have timely opted-out from the Settlement Class in accordance with the Court's orders.

The Court expressly reserves the right to determine, should the occasion arise, whether Plaintiff's breach of contract claim may be certified as a class action for purposes other than settlement, and Defendants hereby retain all rights to assert that Plaintiff's proposed claim may not be certified as a class action except for settlement purposes.

## Additional Orders and Deadlines

18. The following attorneys are appointed to act as Class Counsel:

KOPELOWITZ OSTROW P.A.
Jeff Ostrow
1 West Las Olas Blvd., Suite 500 Fort Lauderdale, FL 33301

PEARSON WARSHAW, LLP
Melissa S. Weiner
328 Barry Avenue S., Suite 200
Wayzata, MN 55391

TYCKO & ZAVAREEI, LLP
Annick M. Persinger, Esq. 1970 Broadway, Suite 1070
Oakland, CA 94612

and

9

BARNES LAW GROUP, LLC
Roy E. Barnes, Esq. 31 Atlanta Street
Marietta, GA 30060

19. Plaintiff is appointed as Class Representative.

20. Epiq Class Action & Claims Solutions, Inc. is appointed as Settlement Administrator in accordance with the provisions of Section VII of the Agreement.

21. Notice shall be provided in a reasonable manner, as forth in Section VIII of the Agreement, to all Settlement Class members.

22. The Court approves the Notices (i.e., the Email Notice, Postcard Notice, and Long Form Notice), the content of which is without material alteration from Exhibits 1–3 to the Agreement, and directs the Settlement Administrator to publish the Notices in accordance with the Notice Program.

23. The Court approves the Claim Form, the content of which is without material alteration from Exhibit 4 to the Agreement.

24. The Court approves the creation of the Settlement Website. It shall provide, at a minimum: (i) information concerning deadlines and procedures for opting out of or objecting to the Settlement or for submitting a Claim Form, and the date and location of the Final Approval Hearing; (ii) the toll-free phone number applicable to the Settlement; (iii) copies of the Settlement Agreement, the Notices, the Claim Forms, Court Orders regarding this Settlement, and other relevant Court documents which the Parties agree or the Court orders be posted, including the

10

motion for Final Approval and Class Counsel's application for attorneys' fees and costs and a Service Award; and (iv) information concerning the procedure to submit Claim Forms either electronically or by mail.

25. The Court finds that the Notice Program to be implemented pursuant to the Agreement: (i) is the best practicable notice, (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to opt-out of or object to the proposed Settlement, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) meets all requirements of applicable law.

26. In advance of the Final Approval Hearing, the Settlement Administrator shall prepare a declaration or affidavit to submit to the Court confirming that the Notice Program was completed and describing how it was completed.

27. Any Settlement Class Member who wishes to opt-out from the Settlement Class shall submit an appropriate, timely request for exclusion, postmarked no later than 35 days before the date originally set for the Final Approval Hearing to the Settlement Administrator at the address on the Notice. The opt-out request must be personally signed by the Settlement Class member and contain the name, postal address, telephone number, a brief statement identifying membership in the Settlement Class, and a statement that indicates a desire to be excluded from the

Settlement Class. A Settlement Class member may opt out on an individual and personal basis only; so-called "mass" or "class" opt-outs shall not be allowed.

28. Except for those Settlement Class members who timely and properly submit an opt-out request, all other Settlement Class members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any Settlement Benefit.

29. Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement and/or to the attorneys' fees and costs or Service Award shall file or mail to the Clerk of the Court and mail to the Settlement Administrator, no later than thirty-five (35) days before the date originally set for the Final Approval Hearing, a statement of the objection signed by the Settlement Class Member containing all of the following information:

    a. the Settlement Class Member's printed name, address, email address (if any), and telephone number;

    b. whether the Settlement Class Member is represented by counsel and, if so, contact information for his or her counsel;

    c. evidence showing that the objector is a Settlement Class Member;

    d. whether the objection applies to that Settlement Class Member or to a specific subset of the Settlement Class, or to the entire Settlement Class, and state with specificity the grounds for the objection;

      e.    any other supporting papers, materials, or brief that the Settlement Class Member wishes the Court to consider when reviewing the objection;

      f.    the actual written or electronic signature of the Settlement Class Member making the objection (the counsel's signature is not sufficient); and

      g.    if that Settlement Class Member and/or his or her counsel intends to appear at the Final Approval Hearing, a statement notifying the Parties and the Court of that intention to appear (this may be filed separately).

30. Any response to an objection shall be filed with the Court no later than fourteen (14) days before the Final Approval Hearing.

31. Any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with the objection requirements shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

32. Any attorney hired by a Settlement Class Member for the purpose of objecting to the Settlement Agreement, the proposed Settlement, or the Attorneys' Fees and Costs, or Service Award will be at the Settlement Class Member's expense.

33. Any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement or to the attorneys' fees and costs and/or Service Awards and who intends to make an appearance at the Final Approval Hearing shall provide to the Settlement Administrator (who shall forward it to Class Counsel and Delta's Counsel) and shall file with the Clerk of the Court a notice of

intention to appear (that may be included in the objection) no later than the Opt-Out and Objection Date set forth below.

34. Any Settlement Class Member not represented by an attorney who files and serves a written objection <u>and</u> who intends to appear at the Final Approval Hearing shall provide a notice of intention to appear (that may be included in the objection) to the Settlement Administrator (who shall forward it to Class Counsel and Delta's Counsel) and shall file with the Clerk of the Court a notice of intention to appear (that may be included in the objection) no later than the Opt-Out and Objection Deadline or as the Court otherwise may direct.

35. The Settlement Administrator shall establish a post office box in the name of the Settlement Administrator to be used for receiving opt-out requests, objections, notices of intention to appear, and any other communications. Only the Settlement Administrator, Class Counsel, Delta's Counsel, Delta, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in the Agreement.

36. The Settlement Administrator shall promptly furnish Class Counsel and Delta's Counsel with copies of any and all written requests for exclusion, objections, notices of intention to appear, or other communications that come into its possession, except as expressly provided in the Agreement.

37. Class Counsel shall file their applications for attorneys' fees and costs and Service Award for the Class Representative no later than seventy (70) days before the date originally set for the Final Approval Hearing and in no event after the Opt-Out and Objection Deadline.

38. The Settlement Administrator shall provide the list of those who have opted-out to Class Counsel and Delta's Counsel no later than ten (10) days before the date originally set for the Final Approval Hearing, and then Class Counsel shall file with the Court the list of opt-outs with a declaration from the Settlement Administrator attesting to the completeness and accuracy thereof no later than three (3) days before the Final Approval Hearing.

39. The Court preliminarily enjoins all Settlement Class members unless and until they have timely opted-out from the Settlement Class from: (1) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims arising on or before the Preliminary Approval Date; and (2) attempting to effect opt-outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action

and/or the Released Claims. Settlement Class members are not prevented from participating in any action or investigation initiated by a state or federal agency.

40. Any Settlement Class Member who does not timely opt-out from the Settlement Class will be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Releases.

41. The Court hereby **SCHEDULES** a Final Approval Hearing for **Thursday, October 5, 2023, at 10:00 A.M.,** in Courtroom 1708 of the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 75 Ted Turner Dr. SW, Atlanta, GA 30303.  At the Final Approval Hearing, the undersigned will consider the fairness, reasonableness, and adequacy of the proposed Settlement and Agreement and whether the Court should finally approve it, and consider Class Counsel's application for attorneys' fees and costs and a Service Award for the Class Representative.

42. The Court reserves the right to adjourn or continue the Final Approval Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Final Approval Hearing or at any adjournment or continuance thereof, and to approve the Settlement with modifications, if any, consented to by Class Counsel and Delta without further notice.

43. All pretrial proceedings in the Action are stayed and suspended until further order of this Court.

44. As stated in this Preliminary Approval Order, and consistent with the Agreement, the following dates and deadlines shall apply to the approval of this Settlement:

| EVENT | TIMING |
|---|---|
| Delta Shall Provide Class List to Settlement Administrator | No later than June 12, 2023 |
| Notice Deadline (initial Email and Postcard Notices go out) | June 17, 2023 |
| Notice Program Shall be Completed (including any first and second reminder notices) | No later than August 28, 2023 |
| Deadline to Submit Claim Form (Claims Deadline) | September 15, 2023 |
| Deadline to File Motion for Final Approval and Application for Attorneys' Fees and Costs and Service Award | July 27, 2023 |
| Deadline for Settlement Class members to Opt-Out | August 31, 2023 |
| Deadline for Settlement Class Members to Object | August 31, 2023 |
| Deadline to File Response to any Objection(s) | September 21, 2023 |
| Deadline for Class Counsel to File List of Opt-Outs and Supplemental Declaration from Settlement Administrator | October 2, 2023 |
| Final Approval Hearing | October 5, 2023 at 10:00 A.M. |

**SO ORDERED**, this 2nd day of June, 2023.

                                                  */s/ Eleanor L. Ross*
                                         Eleanor L. Ross
                                         United States District Judge
                                         Northern District of Georgia